# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROYLEE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SIZEMORE, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Roylee Smith ("Plaintiff"), and files this Complaint against Defendant Sizemore, Inc. ("Defendant"), and shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII).

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f).

3.

Defendant is a domestic limited liability company that is qualified to do business in this District. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue on August 30, 2021, with respect to Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

10.

Plaintiff began his employment with Defendant as a custodian on April 14, 2021.

11.

In June 2021, Plaintiff witnessed a site manager, Latressa, having a sexual conversation with a male employee by the name of Zander. Plaintiff then witnessed her reach towards Zander as if she was going to grab his groin. Others also witnessed this interaction.

12.

Plaintiff filed a grievance with Lisa Cox in Defendant's Human Resources Department regarding the sexual harassment he observed. Subsequently, Human Resources Director, Alyson Getchell, contacted Plaintiff and he described to her what happened, as well as who else witnessed the incident. When Plaintiff returned to work the following day, Latressa had security and other individuals take Plaintiff's badge and escort him off the premises.

13.

Plaintiff informed Ms. Getchell of what happened, and she told Plaintiff to give her a week to look into it. The following week, Ms. Getchell called Plaintiff and said his complaint could not be substantiated, and that consequently Defendant was terminating Plaintiff.

14.

Defendant's proffered reason for terminating Plaintiff's employment is pretext for unlawful retaliation. As a result of Defendant's violation of Title VII, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIM FOR RELIEF

## COUNT I:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED

15.

Plaintiff re-alleges paragraphs 10-14 as if set forth fully herein.

16.

Plaintiff's complaint and opposition to sexual harassment/gender discrimination constitute protected activity under Title VII.

17.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct.

18.

The adverse action to which Plainitff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

19.

There was a causal connection between the protected conduct and the adverse action.

20.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

21.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

## VII.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages;

(c)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted this 8th day of October, 2021.

**BARRETT & FARAHANY**

 s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com